# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:18-cv-00719-NKL |
| v. | )<br>) |
| CS&L INVESTMENTS, INC. d/b/a BACCALA, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Defendants CS&L Investments, Inc. and David McConnell ("Defendants") move to dismiss this declaratory judgment action by plaintiff West Bend Mutual Insurance Company in light of a garnishment proceeding pending in state court. For the reasons set forth below, Defendants' motion is GRANTED.

## I.  Background

Mr. McConnell sustained injuries at a nightclub, Baccala, owned and operated by CS&L Investments, Inc. and secured by Vanguard, when he was attacked and stabbed by another customer of the nightclub in February 2016. WBMI issued a commercial insurance policy to Vanguard Security Services, Inc., which Mr. McConnell argues "provided insurance to Defendant CS&L for the subject incident." Doc. 24-1 (State Garnishment Petition), ¶ 12.

On February 1, 2018, Mr. McConnell filed suit against CS&L and Vanguard in the Circuit Court of Jackson County, Missouri. WBMI accepted coverage and afforded a defense to Vanguard but declined CS&L's request for coverage. Mr. McConnell and CS&L then agreed to arbitrate their dispute. The arbitration resulted in an award of $3 million to Mr. McConnell against CS&L;

the Circuit Court of Cass County, Missouri confirmed that award on October 17, 2018. Vanguard was not a party to the agreement or the arbitration.

On September 12, 2018, WBMI filed its complaint in federal court, seeking declarations that: a.) the policy issued by WBMI to Vanguard "does not provide coverage for an claim asserted against CS&L"; b.) that WBMI "has no duty to defend Defendant CS&L for any judgment rendered in the Underlying Litigation, including any related arbitration or subsequent judgment"; and c.) that WBMI is entitled to its costs, including attorneys' fees. Doc. 1 (Complaint), p. 9.

Mr. McConnell then instituted an equitable garnishment action in Jackson County Circuit Court on November 19, 2018 against CS&L, RSUI Group, Inc., WBMI, Covington Specialty Insurance Group, and Central States Southeast and Southwest Areas Health and Welfare Fund.

## II.    Discussion

Defendants argue that "while not entirely parallel," this case and the pending state action "are obviously related and significantly overlap" such that abstention in favor of the pending state action is appropriate. Doc. 24 (Suggestions in Support), p. 4.[1]

The Court must consider six factors in determining whether to abstain because of a related state court proceeding:

(1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;

(2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding;

(3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts;

(4) whether the issues raised in the federal action can more efficiently be resolved

---

[1] As neither party advances an argument that this and the pending state action are parallel, the Court makes no such determination. The Court instead turns to the analysis of "related" cases articulated by the Eighth Circuit and advanced by the parties.

> in the court in which the state action is pending;
>
> (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and
>
> (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998-99 (8th Cir. 2005) (quotation marks and citation omitted).

The Court considers the first, second, and fifth factors together. Although this action could clarify and settle the legal relations between the parties, it would address only a portion of the issues before the state court. The state court, on the other hand, is in the unique position to resolve all of the various claims that have been asserted in connection with the attack on Mr. McConnell. In addition, overlap between the issues raised here and in the state court action, as well as in a third proceeding, a case brought by CS&L's insurer against the defendants here (*RSUI Group, Inc., et al. v. McConnell, et al.*, No. 18-00644-NKL), raises a risk of "entry of conflicting orders, which would not help clarify and settle legal relations, nor afford relief from uncertainty, insecurity, and controversy." *Safe Auto Ins. Co. v. Escabusa*, No. 2:15-04224-NKL, 2016 WL 1090646, at *5 (W.D. Mo. Mar. 18, 2016). Each case involves similar issues concerning the parties' rights and obligations under the relevant insurance policies. Although WBMI has not yet sought in state court the declaratory relief it seeks here with respect to its duty to defend, it does not suggest that it cannot do so. For these reasons, and given that courts prefer to avoid piecemeal adjudication, *see, e.g., Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391 (5th Cir. 2003) ("A federal district court should avoid duplicative or piecemeal litigation where possible."); *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (discouraging use of declaratory

judgment actions "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy") (quotation marks and citation omitted), the Court finds that the first, second, and fifth factors favor abstention.

The third factor, the strength of the state's interest in having the issues raised in this action resolved by the state court, also favors abstention. The related federal and state actions concern only the interpretation of insurance policies—a matter of state, not federal law. *See, e.g., Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1015 (8th Cir. 2016) ("Interpretation of an insurance policy is a matter of state law."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (noting, in concluding that "the state court was in the better position to adjudicate the matter," that "both actions were governed solely by state law").

The fourth factor, whether the issues raised in the federal action can be resolved more efficiently in the state court, also weighs in favor of abstention because the federal action would require duplicative work. The state court will need to decide issues based on many of the same facts regardless of whether this declaratory judgment action proceeds. Furthermore, if the state court were to conclude that Mr. McConnell cannot establish entitlement to equitable garnishment, WBMI's requests for declaratory relief in this case would become moot. *Safe Auto*, 2016 WL 1090646, at *4. Thus, efficiency favors consolidating the related claims in state court.

Finally, both parties agree that the sixth factor is not at issue and, thus, does not favor abstaining or continuing the declaratory judgment. However, because each of the other *Scottsdale* factors favors abstention, abstention is warranted.

A stay is the preferred mode of abstention "where the possibility of a return to the federal court remains," but when the court "see[s] no reason for the case to return to federal court," dismissal is appropriate. *Haverfield*, 218 F.3d at 875 n.2 (8th Cir. 2000). Here, the scope of the

4

state proceedings is broad enough to fully and efficiently resolve the defenses WBMI seeks to assert as well as any claims for declaratory relief that it may bring. WBMI does not assert that there is a significant possibility of delay or procedural inadequacy nor that there is a risk that the case may become time barred if dismissed. Because the Court foresees "no reason for the case to return to federal court," the Court finds dismissal, rather than a stay, appropriate. *Id.*

### III. Conclusion

For the reasons discussed above, Defendants' joint motion to dismiss, Doc. 23, is GRANTED. The Court will simultaneously dismiss the action *RSUI Group, Inc., et al. v. McConnell, et al.*, No. 18-00644-NKL, to permit the resolution in a single forum—the forum with the strongest interest in applying Missouri law—of all related issues.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 8, 2019
Jefferson City, Missouri